UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-10757-BKC-RAM
CHAPTER 13

IN RE:

FRANCISCO LORENZO PUJOL
     Debtor.                                   **EMERGENCY HEARING REQUESTED**
_____/

### DEBTOR'S EMERGENCY MOTION TO STAY ANY FURTHER PROCEEDINGS IN THE FORECLOSURE STATE COURT ACTION CASE NO. 2011-021006-CA01

#### (Emergency hearing requested as Plaintiff's counsel is intending to request a Certificate of Sale be issued)

The Debtor, FRANCISCO LORENZO PUJOL, by and through his undersigned attorney, requests this Honorable Court to grant an Emergency Order to stay any further proceedings in the foreclosure State Court Action, case number 2011-021006-CA-01 and states:

1.      The Debtor, FRANCISCO PUJOL, originally filed a Chapter 13 case on August 8, 2011. The case proceeded and afer five years of plan payments and the Debtor paid to secured creditors, Luis and Gladys Perez, the total amount of $263,671.31. Debtor's prior counsel, Alexandro Sixto, provided for 100% plan language in the confirmed Chapter 13 plan knowing full well that afer the strip of the two mortgages, that the Debtor would never be able to pay 100% and undersigned believes Mr. Sixto committed mal-practice.

2.      Undersigned moved to modify the Debtor's Plan to remove the 100% language and was met with an objection by Luis and Gladys Perez. After consideration of the Motions, a Memorandum and argument of counsel, Judge A. Jay Cristol denied the Motion to modify the plan to remove the 100% language, and because the Debtor could not pay the balance of the 100% plan, the case was dismissed without prejudice.

3.      The Debtor refiled his Chapter 13 case on January 23, 2017 and has proposed a plan to pay the secured creditors arrearage or will cure and maintain the mortgages on the property, or payoff the debt in its entirety over 60 months after credit of 263,671.31,which was paid in prior case.

4.      The debtor's wife, Gaby Egusquiza filed her Chapter 7 on October 21, 2012 and was discharged  on July 16, 2013.  Her interest in the property was disclosed in the Chapter 7 case and the Trustee abandoned her interest in the property owned with her spouse, Francisco Pujol.

5.      For some unknown reason, the Plaintiff in the State Court case proceeded with a foreclosure against Gaby Egusquiza and obtained a Final Judgement in the amount of $502,942.11 dated July 11, 2014 and proceeded to foreclose on Gaby Egusquiza.

6.      No motion pursuant to U.S.C. §1301 was ever filed in the Francisco Pujol Chapter 13 and undersigned contends that all actions taken without an Order from the Pujol bankruptcy, that any actions are void.

7.      Undersigned believes that this foreclosure judgment in the amount of $502.942.11, was obtained fraudulently as no monetary Judgment could have been entered against Gaby Egusquiza, because she was not an obligor on the promissory note.

8.      Further, the Plaintiff has set for hearing on  February 28, 2017, a Motion to issue to Certificate of Sale and as described above this sale is void ab initio.

9.      Further, even though undersigned believes this sale to be void, no credit has been given for the $263,671.31, paid in the prior Pujol bankruptcy, and again, this is an attempt to take control, or demine, over property of the estate.

10.     We recently had an extension of the Stay Order, which contemplated that a Motion would be filed relating to this creditor.

WHEREFORE, the Debtor requests that the stay be imposed upon the creditor, Luis and Gladys Perez, represented by Sergio Mendez, in the State Court Action and to prevent the motions presently scheduled for February 28, 2016,  from proceeding. In addition, the

argument whether the actions taken during the prior Pujol bankruptcy were void or obtained without the required U.S. C. §1301 Motion can be litigated when both sides have time to provide legal argument.  There is clearly no prejudice to any of the parties as this creditor has been paid $263,671.34 in the Pujol bankruptcy.

## CERTIFICATION OF LOCAL RULE 9075-I

(10)    The emergency nature of this Motion is that the Plaintiff's counsel is intending to request a Certificate of Sale to be issued.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of this Notice of Hearing and Subject Motion (if not previously served) was sent by e-mail to Nancy Neidich, Trustee, at e2c8f01@ch13herkert.com, Luis Navarro, counsel for Luis and Gladys Perez, at bankruptcy@nhlawpl.com and all others set forth in the NEF, this 22th day of February 2017 and this Motion and an upcoming Notice of Hearing will be served on a separate Certificate of Service via email to those set forth in the NEF and by regular mail to Sergio L. Mendez, Esquire, 7400 Southwest 57th Court, Suite 202, South Miami, FL 33143.

Law Offices of Michael J. Brooks, Michael A. Frank
& Rodolfo H. De La Guardia, Jr.
Attorneys for the Debtors
Suite 620 • Union Planters Bank Building
10 Northwest LeJeune Road
Miami, FL 33126-5431
Telephone (305) 443-4217
Email- Pleadings@bkclawmiami.com


By:    /s/ Michael J. Brooks
      Michael J. Brooks
      Florida Bar No. 434442